UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOHN W. TATE,

    Petitioner,

v.

STATE OF NEW JERSEY, et. al.,

    Respondents.

---

Civil Action No. 11-1197 (ES)

OPINION

**APPEARANCES:**

  JOHN W. TATE, Petitioner Pro Se
  # 525237C
  51 Washington Street
  Morristown, New Jersey 07960

**SALAS**, District Judge

  This matter is before the Court by application of petitioner John W. Tate for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal for lack of "in custody" jurisdiction, pursuant to 28 U.S.C. § 2254(a), or alternatively, as time-barred under 28 U.S.C. § 2244(d).[1]

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002),

1

I.   PROCEDURAL BACKGROUND

Petitioner, John W. Tate, filed a petition for habeas corpus relief on or about February 27, 2011.[2] According to the allegations contained in his petition, Petitioner was convicted in the Superior Court of New Jersey, Morris County, on or about December 1, 2001, after entering a guilty plea on two counts of second degree sexual assault (reduced to third degree for sentencing) and two counts of fourth degree sexual contact. He

---

cert. denied, 540 U.S. 826 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. Recently, the Supreme Court held that district courts are permitted to consider sua sponte the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 547 U.S. 198, 210 (2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Petitioner handed his petition to prison officials for mailing, Petitioner signed a certification of his petition on February 27, 2011. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that February 27, 2011 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on March 1, 2011.

was sentenced to a prison term of five years. (Petition, ¶¶ 1-6).

Petitioner filed a direct appeal from his sentence, and the Superior Court of New Jersey Appellate Division affirmed the sentence after a hearing on the excessive sentencing oral argument calendar, in an Order dated June 12, 2003. Petitioner did not file a petition for certification with the Supreme Court of New Jersey on his direct appeal. (April 20, 2009 Opinion, Superior Court of New Jersey, Appellate Division, attached to Petition as Exhibit 2).

Thereafter, on January 5, 2004, Petitioner filed a petition for post-conviction relief ("PCR") before the state sentencing court in New Jersey. The state PCR petition was denied on February 27, 2007. (Pet., Ex. 1). Petitioner appealed the denial of his state PCR petition. On April 20, 2009, the Appellate Division affirmed the decision of the state PCR court. (Pet., Ex. 2). The Supreme Court of New Jersey denied certification on July 20, 2009. Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States, which was denied on March 1, 2010. (Pet., Ex. 4).

At the time that Petitioner filed this habeas petition, he was no longer confined, and in fact, had been released from state custody pursuant to the challenged conviction on January 6, 2005.

3

(See New Jersey Department of Corrections website, Offender Details, https://www6.state.nj.us/DOC_Inmate/details).

## II. STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

### III. "IN CUSTODY" JURISDICTION

Because Petitioner is challenging a state court conviction, his action for habeas relief is properly considered under 28 U.S.C. § 2254. Section 2254 provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be *in custody* under the conviction he is attacking when the petition is *filed*, in order for this Court to have jurisdiction. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed. Indeed, the Supreme Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary." Maleng, 490 U.S. at 491. In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a "substantial issue" as to whether the statutory "in custody" requirement was satisfied. Maleng, 490 U.S. at 491 (citing Carafas, 391 U.S. at 238). The Court

ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed. Maleng, 490 U.S. at 492 (citing Carafas, 391 U.S. at 238). Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[3] Id. at 492.

Here, it is evident that the state court conviction and sentence now challenged by Petitioner had fully expired before he filed for federal habeas relief. He was sentenced to a five-year prison term on December 1, 2001, and the New Jersey Department of Corrections website shows that Petitioner was released from state custody on January 6, 2005. Moreover, Petitioner's address at

---

[3] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

6

the time he filed this habeas petition is not a custodial facility.[4]

Petitioner did not file this habeas petition until February 27, 2011, more than six years after he had been released from state custody. It was filed almost one and one-half years after his state court collateral review had ended on July 20, 2009. Thus, Petitioner is not entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

A writ of *error coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). However, the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); Neyor v. I.N.S., 155 F. Supp. 2d 127, 136 (D.N.J. 2001). Consequently, the Court cannot construe this habeas petition as a writ of *error coram nobis*. Instead, Petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common

---

[4] Additionally, the Court finds no indication that Petitioner was serving probation, parole, or any term of supervised release at the time he filed his petition that may have served to extend "in custody" jurisdiction under Maleng.

7

law writ of *error coram nobis* in the state court where he was convicted.

IV.   STATUTE OF LIMITATIONS ANALYSIS

Alternatively, it appears that this petition is subject to dismissal as time-barred. The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Hershberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the

8

pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[5] during the period between

---

[5] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations omitted).

9

a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 332-36 (2007); <u>Stokes v. District Attorney of the Cnty. of Phila.</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

    Here, Petitioner's judgment of conviction became final after the enactment of AEDPA. Petitioner relates that the Appellate Division affirmed his sentence on June 12, 2003, and he did not file a petition for certification with the Supreme Court of New Jersey, or a petition for certiorari with the Supreme Court of the United States, with respect to his direct appeal. Thus, Petitioner's direct review of his conviction became final on or about July 2, 2003, the last date on which he could have filed a petition for certification to the New Jersey Supreme Court for review of the Appellate Division decision affirming the sentence. <u>See</u> <u>N.J. Ct. R.</u> 2:12-3(a)(stating that Petitioner has 20 days after entry of Appellate Division decision to file a petition for certification).

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, that is, before July 2, 2004. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Petitioner filed his state PCR petition on January 5, 2004, almost six months before the one year statutory period would have expired on July 2, 2004. Therefore, the statute of limitations began to toll on January 5, 2004, and it remained tolled while the state PCR proceedings were pending.

Tolling of the statutory period stopped on July 20, 2009, however, when the Supreme Court of New Jersey denied certification on Petitioner's appeal from denial of his state PCR petition. Petitioner had approximately six months from July 20, 2009, or until January 14, 2010, to file his § 2254 habeas petition within time.[6] The time Petitioner's writ of certiorari was pending before the Supreme Court of New Jersey did not serve

---

[6] The statute of limitations began to run on July 2, 2003, when direct review of his conviction and sentence became final. 28 U.S.C. § 2244(d)(1)(A). It ran for 187 days, until it was tolled on January 5, 2004, when Petitioner filed his state PCR petition. Thus, Petitioner had 178 days (365 days minus 187 days = 178 days) to timely file his habeas petition after tolling had ceased on July 20, 2009, when the Supreme Court of New Jersey denied certification on appeal from the denial of the state PCR petition. In other words, Petitioner had until January 14, 2010 to file his habeas petition within time.

11

to toll the one-year limitations period. See Lawrence, 549 U.S. at 332-36; Stokes, 247 F.3d at 542. Petitioner filed this habeas action on or about February 27, 2011, more than one year after the statutory period had expired on January 14, 2010. Consequently, this habeas petition appears to be time-barred under 28 U.S.C. § 2244(d).

Nevertheless, before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness. See Day v. McDonough, 547 U.S. 198 (2006)(permitting district courts to consider *sua sponte* the timeliness of a state inmate's habeas petition, but finding that district courts must accord the parties fair notice and an opportunity to present their positions).

Petitioner may be able to overcome this statutory time bar if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418

(2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[7] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised

---

[7] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

13

reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Nevertheless, because this habeas petition lacks subject matter jurisdiction for Petitioner's failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a), the Court declines to issue an Order directing Petitioner to show cause why his petition should not be dismissed as time-barred.

V. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v.

<u>Cockrell</u>, 537 U.S. 322, 327 (2003) (citations omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under either 28 U.S.C. § 2254(a).  No certificate of appealability will issue.  An appropriate Order accompanies this Opinion.

<u>s/Esther Salas</u>
ESTHER SALAS
United States District Judge

DATED: January 25, 2012

15